IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JERRY CURTIS, Institutional ID No. 8630, <br><br> Plaintiff, <br><br> v. <br><br> TERRY MORGAN, Sheriff, Garza County Law Enforcement Center, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 5:17-CV-015-BQ <br> ECF |

## REPORT AND RECOMMENDATION

### I. **Background**

Plaintiff Jerry Curtis filed this civil rights action on January 27, 2017, complaining of events that allegedly occurred during his confinement at the Garza County Law Enforcement Center. The United States District Court reassigned the case to the undersigned United States Magistrate Judge for preliminary screening on March 28, 2017. ECF No. 10. The court also issued a PLRA Filing Fee Order granting Curtis's request to proceed *in forma pauperis*, which advised Curtis of his obligation to "promptly notify the Court of any change in address . . . [and that his] [f]ailure to file such a notice may result in this case being dismissed for want of prosecution." ECF No. 9, at 2 ¶8 (dated 3/28/17). Curtis received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 3, at 1 ¶2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

Following the referral, the clerk mailed to Curtis the PLRA Order (ECF No. 9), the Order Reassigning Case (ECF No. 10), a Notice of Availability of Magistrate Judge to Exercise

1

Jurisdiction (ECF No. 11, dated 3/29/17), and a copy of the Order for Authenticated Records directed to the Garza County Sheriff and jail. ECF No. 12 (dated 3/30/17). On April 3, 2017, the Clerk received notice from the Garza County Sheriff's Office that Curtis had been released March 21, 2017, based on time served. ECF No. 13. Between April 6 and 10, all the documents identified above were returned to the Clerk as "undeliverable," with no updated or forwarding address for Curtis. *See* ECF Nos. 14–16. The magistrate judge makes the following proposed findings of fact, conclusions of law, and recommendation under 28 U.S.C. § 636(b)(1).

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

As noted above, the court commenced its initial screening of Curtis's Amended Complaint (ECF No. 7) by ordering the production of authenticated records from the Garza County Sheriff, which the court received April 28, 2017. The court's ability to further review the case, however, either through setting an evidentiary hearing (*Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985)) or sending a questionnaire, is thwarted by Curtis's release and his failure to provide a forwarding address. Almost two months have passed since Curtis's release, with no "[p]romptly file[d] . . . written change of address notice" received by the Clerk. In this posture, a court is basically at the mercy of a litigant who refuses to provide an updated address, thereby preventing the court from effectively communicating in any way with the party concerning his failure to act.

2

*Pro se* litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

## III. Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice for want of prosecution due to Curtis's failure to file a change of address notice. *See, e.g., Coleman v. Hale Cty. Jail*, No. Civ. A. 5:03-CV-310-C, 2004 WL 530440, at *1 (N.D. Tex. Mar. 17, 2004) (dismissing complaint without prejudice for want of prosecution where prisoner filed no change of address and failed to appear for *Spears* hearing following release); *Dean v. Jones*, No. Civ. A. 5:03-CV-010-C, 2003 WL 21653407, at *1 (N.D. Tex. July 14, 2003) (dismissing case without prejudice where inmate did not update current address, resulting in return of order to show cause as to why case should not be dismissed).[1]

## IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

---

[1] In *Humphrey v. Stephens*, 575 F. App'x 224, 225 (5th Cir. 2014), the Fifth Circuit found the district court abused its discretion in dismissing with prejudice a prisoner's § 2254 petition for want of prosecution "less than three weeks" after his release and failure to file a notice of address change. This case more closely resembles *Coleman*, where almost eight weeks elapsed (January 21 to March 17) between the plaintiff's release and dismissal, and *Dean*, where just over five weeks passed (June 6 to July 14) between the court's order to complete a questionnaire and the case's subsequent dismissal due to the plaintiff's failure to update his address.

3

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 12, 2017

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**